

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MARK ROETEN, ET AL., §
 §
          Plaintiffs, §
 §
VS. § NO. 4:18-CV-695-A
 §
DEVOS, LTD., D/B/A GUARANTEED §
RETURNS, §
 §
          Defendant. §

ORDER

Came on for consideration the motion of defendant, Devos, Ltd., to dismiss. The court, having considered the motion, the response of plaintiffs, Mark Roeten ("Roeten") and Med-Turn, Inc. d/b/a Inmar ("Inmar"), the reply,[1] the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiffs' Claims

Roeten is a salesman who formerly worked for defendant. In connection with his employment by defendant, Roeten signed a series of related documents including a covenant not to compete. Since May 1, 2017, Roeten has been employed by Inmar, a direct competitor of defendant. Defendant has sent a letter to Inmar's counsel alleging that Roeten's employment by Inmar is in violation of the restrictive covenants.

---

[1] The court notes that it is not necessary to consider, and that it has not considered, the additional affidavits submitted by defendant in support of its reply.

Plaintiffs maintain that defendant breached its employment agreement with Roeten when it, its chief executive officer, and chief financial officer were indicted and convicted of multiple fraud counts, which had the effect of releasing Roeten from his contractual obligations to defendant. Plaintiffs assert causes of action for breach of contract and tortious interference and seek a declaratory judgment that the restrictive covenants in Roeten's contract with defendant are unenforceable.

II.

Grounds of the Motion

Defendant urges five grounds in support of its motion: (1) the court lacks general jurisdiction over it; (2) the court lacks specific jurisdiction over it; (3) the court lacks subject matter jurisdiction over this action; (4) plaintiffs' tortious interference claim fails to state a cause of action; and (5) plaintiffs' declaratory judgment claim should be dismissed. Doc.[2] 13.

III.

Applicable Legal Principles

A. Personal Jurisdiction

The burden is on plaintiffs to establish the court's jurisdiction over defendant. Wilson v. Belin, 20 F.3d 644, 648

---

[2]The "Doc.___" reference is to the number of the item on the docket in this action.

(5th Cir. 1994); Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985). Personal jurisdiction need not be established by a preponderance of the evidence at this stage; prima facie evidence is sufficient. Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008); WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989). The court may resolve jurisdictional issues by reviewing pleadings, affidavits, exhibits, any part of the record, and any combination thereof. Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc., 963 F.2d 90, 95 (5th Cir. 1992). Allegations of plaintiffs' complaint are taken as true except to the extent that they are contradicted by defendant's evidence, such as affidavits. Wyatt v. Kaplan, 686 F.2d 276, 282-83 n.13 (5th Cir. 1982). Any genuine, material conflicts are resolved in favor of plaintiffs. Luv N'care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006); Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1067 (5th Cir. 1992).

In a diversity action, personal jurisdiction over a nonresident may be exercised if (1) the nonresident defendant is amenable to service of process under the law of the forum state, and (2) the exercise of jurisdiction under state law comports with the due process clause of the Fourteenth Amendment. Wilson, 20 F.3d at 646-47. Since the Texas long-arm statute has been interpreted as extending to the limits of due process, the only

inquiry is whether the exercise of jurisdiction over the nonresident defendants would be constitutionally permissible. Bullion v. Gillespie, 895 F.2d 212, 216 (5th Cir. 1990).

For due process to be satisfied, a nonresident must have minimum contacts with the forum state resulting from an affirmative act on the defendant's part and the contacts must be such that the exercise of jurisdiction over the person of the defendant does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Fielding v. Hubert Burda Media, Inc., 415 F.3d 419, 425 (5th Cir. 2005). The "minimum contacts" prong of the due process requirement can be satisfied by a finding of either "specific" or "general" jurisdiction over the nonresident. Bullion, 895 F.2d at 216.

For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state and the cause of action must arise from or be connected with such act or transaction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Even if the controversy does not arise out of or relate to the nonresident's purposeful contacts with the forum, general jurisdiction may be exercised when the nonresident defendant's contacts with the forum are sufficiently continuous and systematic as to support the

4

reasonable exercise of jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); Perkins v Benguet Consol. Mining Co., 342 U.S. 437 (1952). When general jurisdiction is asserted, the minimum contacts analysis is more demanding and requires a showing of substantial activities within the forum state. Jones, 954 F.2d at 1068. As the Supreme Court has recently explained, the proper consideration when determining general jurisdiction is whether the defendant's affiliations with the state are so continuous and systematic as to render it "essentially at home" in the forum state.[3] Daimler AG v. Bauman, 571 U.S. 117, 138-39 (2014)(quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). A corporation's place of incorporation and principal place of business are the places where it is at home and are thus paradigm bases for jurisdiction. Id. at 137. A corporation is not "at home" in every state where it engages in a substantial, continuous, and systematic course of business. Id. at 137-38, 139 n.20.

B.  Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading.

---

[3] In BNSF Ry. Co. v. Tyrrell, the Supreme Court made clear that the Daimler test "applies to all state-court assertions of general jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or business enterprise sued." 137 S. Ct. 1549, 1559 (2017).

It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiffs to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiffs' right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court

to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29.

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiffs' complaint and are central to the plaintiffs' claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

Analysis

A. Personal Jurisdiction

In its first ground, defendant maintains that exercise of general jurisdiction over it is not proper as it is not "at home" in Texas. Plaintiffs do not make any response in this regard, apparently recognizing the validity of the argument.

In its second ground, defendant argues that exercise of specific jurisdiction is improper as plaintiffs cannot establish that their claims arise out of defendant's conduct in Texas. The court agrees.

The record establishes: Roeten is a citizen of Louisiana. Doc. 1 at 4, ¶ 10. He was hired by defendant to service pharmacies in the Louisiana and Gulf Coast regions. Id. ¶ 16. Specifically, Roeten serviced customers for defendant in Alabama, Mississippi, Louisiana, and, occasionally, parts of Florida. Doc. 15 at APP 004. Defendant is a corporation organized under the laws of the State of New York, having its principal place of

business in Holbrook, New York. Doc. 1, ¶ 12. Defendant does not have any offices in Texas. Doc. 15 at APP 003. Roeten signed four separate documents when he was hired by defendant. Doc. 1, ¶ 17. Together, they constitute the contract between the parties. Id. The document titled "Covenant" provides, among other things, that during Roeten's employment and for a period of 36 months thereafter, Roeten will not engage in any capacity in any business or activity competitive with defendant's business. Doc. 18 at APP 021. That document provides that it shall be governed by and interpreted under the laws of the State of New York. Id. at APP 024. The contract documents were executed in New York. Id. at APP 011, APP 024.

Further: In 2014, Roeten learned that defendant, its chief executive officer, and chief financial officer were under indictment in the Eastern District of Pennsylvania. Doc. 1 at 6, ¶ 22; Doc. 18 at APP 005. And, he learned that they were convicted on a number of counts. Doc. 18 at APP 005. (Defendant's chief executive officer permanently resigned in December 2014 and was not thereafter involved in management or control of defendant. Doc. 15 at APP 005. All individuals charged were replaced by a new management team. Id.) Roeten terminated his relationship with defendant in April 2017. Doc. 18 at APP 006. He began working for Inmar on or around May 1, 2017. Id. Inmar is a

competitor of defendant's and Roeten performs similar tasks for Inmar. Id. Prior to its hiring of Roeten, Inmar had been notified by defendant[4] that its employees routinely sign covenants not to compete and agreements prohibiting them from sharing confidential information. Doc. 15 at APP 005, APP 0068-0070, APP 0071. On or about April 28, 2017, defendant sent Roeten a letter[5] enclosing a copy of the Covenant document and reminding him of his obligations under their contract. Id. at APP 0065-0067, APP 0072. By letter dated July 11, 2018, defendant notified Inmar[6] that Roeten was in violation of his restrictive covenants and that defendant might proceed with litigation against plaintiffs if Roeten's employment was not terminated. Id. at APP 007-0057.

Plaintiffs allege that defendant breached its contract with Roeten by promising to pay Roeten while knowing it was engaged in a scheme to defraud Roeten a portion of his commissions, Doc. 1 ¶ 40, and failing to ensure that pertinent information regarding fraud and other crimes committed by defendant were communicated to Roeten, id. ¶ 41. And, they allege that defendant violated its implied covenant of good faith and fair dealing by committing

---

[4]The letter, dated April 26, 2017, was addressed to Inmar's "EVP-General Counsel" in Winston-Salem, North Carolina. Doc. 15 at App 0068.

[5]The letter was addressed to Roeten in Plaquemine, Louisiana. Doc. 15 at APP 0065.

[6]The letter was addressed to an attorney in Dallas, Texas. Doc. 15 at APP 007.

criminal acts, lying to Roeten, and defrauding the client base on which Roeten relied to earn his commissions. Id. ¶ 42. There is no basis for concluding that any of these acts occurred in Texas.[7]

The alleged tortious interference claim is apparently based on the single letter from defendant's counsel to Inmar's counsel. Doc. 1 ¶¶ 8, 55. The mere sending of a cease and desist letter, however, does not establish a basis for the exercise of personal jurisdiction over defendant. Ham v. LaCienega Music Co., 4 F.3d 413 & n. 14 (5th Cir. 1993); Dallas Texans Soccer Club v. Major League Soccer Players Union, 247 F. Supp. 3d 784, 790 (E.D. Tex. 2017); Boyd Tech, Inc. v. Boyd Tech, Inc. (Florida), No. H-18-0972, 2018 WL 3581709, at *8 (S.D. Tex. July 25, 2018).[8]

Finally, plaintiffs have not shown that defendant's purposeful acts in Texas give rise to their declaratory judgment claim. See Dallas Texans Soccer Club, 247 F. Supp. 3d at 790. But, even if they had, the decision to exercise jurisdiction over

---

[7] Even if there were evidence to support the insinuation that the contract was executed in Texas, that fact would not support the exercise of personal jurisdiction over defendant, given that the contract is governed by New York law and Roeten's performance was centered elsewhere. Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773, 778 (5th Cir. 1986).

[8] To the extent that the unpublished opinion in SGS-Thomson Micro-Electronics, Inc. v. Ferris, 55 F.3d 632, 1995 WL 313932 (5th Cir. May 1, 1995), is still viable in light of recent Supreme Court opinions regarding personal jurisdiction, the court notes that the letter at issue in that case threatened the plaintiff's activities in the forum state. Here, Roeten continues to serve states other than Texas.

a request for declaratory judgment lies within the court's discretion. Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995); Torch, Inc. v. LeBlanc, 947 F.2d 193, 194 (5th Cir. 1991). In this case, the court would decline to do so. It appears that the filing of this lawsuit was the result of a race to the courthouse, when venue would be more proper elsewhere. The matter to be declared concerns a New York contract to which New York law applies. The parties to the contract are citizens of states other than Texas and the contract does not concern activities in Texas.

B. Remaining Grounds

Because the court lacks personal jurisdiction over defendant, there is no need to discuss the remaining grounds of the motion.

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and plaintiffs' claims against defendant be, and are hereby, dismissed for lack of personal jurisdiction.

SIGNED October 31, 2018.

JOHN McBRYDE
United States District Judge

12